IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DESMOND DEWAYNE MARTIN                                          PLAINTIFF

V.                                      NO.  4:07cv01184 SWW-JWC

KARL BYRD, et al                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

On December 11, 2007, Plaintiff, a pro se inmate currently confined to the Faulkner County Detention Facility, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted. Plaintiff's complaint was too vague to enable the Court to determine whether it is frivolous or failed to state a claim for relief under § 1915A; accordingly, by order entered December 17, 2007 (docket entry #3), he was directed to amend his complaint to specifically state how Defendants Byrd, Randall, Brown, and Smith were personally involved in the actions of which he complained, how they each violated his constitutional rights, and how Defendants' alleged actions caused him physical injury.

According to Plaintiff's original complaint (docket entry #2), between November 14 and 17, 2007, he was forced to sleep on the floor of his cell due to overcrowding and he was not given the opportunity to exercise.  Plaintiff also alleges that the cell windows were each covered by a magnetized blind so he could not see out and there were no observation cameras in the cells for officers to see in.  Plaintiff further alleges on or about November 17, 2007, he noticed that there were only African American inmates housed in

his particular cell.  In response to the Court's specific order to amend, Plaintiff alleges in his amended complaint (docket entry #5) that Defendants violated the Faulkner County Detention Facility's Inmate Rights and General Policies prohibiting segregation by race and the right to humane treatment (adequate portions of nourishing food, access to medical and dental care when indicated, clean living quarters, and a healthy, safe, and secure environment).  Plaintiff contends that each Defendant named possessed knowledge of his claims by virtue of being familiar with the detention facility's policies.  Plaintiff says he is unable to explain how Defendants violated his constitutional rights because they have denied him access to the law library which prevents him from citing to direct statutes in support of same; however, he is certain that Defendants have violated the detention facility's inmate rights and general policies.  Plaintiff further contends that Defendant Byrd, Randall, and Brown caused him great mental stress due to the fear of being housed without proper observation, back pain, and potential exposure to hazardous health issues by forcing Plaintiff to sleep on the floor.  Plaintiff last contends that Defendant Smith caused him mental stress when he made deliberate discriminatory statements to Plaintiff on November 19, 2007, in violation of the detention facility's inmate rights and general policies.  Plaintiff does not elaborate at all on the alleged statements made.

After granting Plaintiff in forma pauperis status (docket entry #3), Plaintiff was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  Id. § 1915A.

### III.  Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  This Court may sua sponte dismiss a prisoner's complaint at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  Haines, 404 U.S. at 520-21.

### IV.  Analysis

### A.      Violation of an Internal Administrative Policy

Plaintiff's entire complaint is based on the theory that Defendants have violated the Faulkner County Detention Facility's Inmate Rights and General Policies.   Plaintiff contends that each named Defendant possessed knowledge of his claims by virtue of being familiar with the detention facility's policies.  An internal jail policy does not create a constitutional right, nor does a prison official's failure to follow such a regulation rise to the

level of a § 1983 claim.  See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996)

(no federal constitutional liberty interest in having state officers follow state law); see also

Smith v. Rucker, 259 F.3d 933 (8th Cir. 2001) (per curiam) (inmate's allegation that prison

officials violated his due process rights by failing to follow administrative regulations did not

state a claim; the due process clause does not federalize state-law procedural

requirements); Hughes v. Lee County Dist. Court, 9 F.3d 1366, 1367 (8th Cir. 1993)

(assertion that state violated its own procedural guidelines does not state a federal claim);

Valiant-Bey v. Morris, 829 F.2d 1441, 1444 n.5 (8th Cir. 1987) (§ 1983 claim cannot be

premised on violation of state regulation).  Plaintiff, however, is very clearly and correctly

alleging that he has a right to constitutional conditions of confinement. See Falls v. Nesbitt,

966 F.2d 375, 380 (8th Cir. 1992) (a prison official's violation of an internal regulation does

not give rise to a § 1983 claim in the absence of objective evidence demonstrating a

constitutional violation).

**B.     Conditions of Confinement**

Only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual

punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319

(1986) (citing Ingraham v. Wright, 430 U.S. 651, 670 (1977) (quoting Estelle v. Gamble,

429 U.S. 97, 103 (1976)). Eighth Amendment violations require both objectively harsh

conditions of confinement and a subjectively culpable state of mind on the part of prison

officials in creating or condoning those conditions. Choate v. Lockhart, 7 F.3d 1370, 1373

(8th Cir. 1993) (citing Wilson v. Seiter, 501 U.S. 294 (1991)).  Thus, a prisoner alleging

unconstitutional conditions of confinement must prove, first, that the conditions challenged

were objectively, sufficiently serious, in this case, that the punishment imposed amounted

to "the denial of 'the minimal civilized measure of life's necessities.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Rhodes v. Chapman</u>, 425 U.S. 337, 347 (1981)); <u>Smith v. Copeland</u>, 87 F.3d 265, 268 (8th Cir. 1996) (citing <u>Howard v. Adkison</u>, 887 F.2d 134, 137 (8th Cir. 1989)).  The prisoner must also prove that the prison official whose actions are challenged had a sufficiently culpable state of mind, in this case, that Defendants "acted or failed to act despite [their] knowledge of a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 842.  In meeting this subjective requirement, an inmate must show that prison officials acted with deliberate indifference, which cannot be established through acts of negligence or inadvertence. <u>Wilson</u>, 501 U.S. at 303, 305-06.  "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety . . . ." <u>Id</u>. at 298-99 (quoting <u>Whitley</u>, 475 U.S. at 319).

Last, the prisoner must prove that the alleged deprivations, either individually or in combination, caused him an identifiable physical or emotional harm or prevented the meeting of his basic human necessities. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 & 16-17 (1992) (Blackmun, J., concurring) (de minimis infliction of psychological pain is not actionable under the Eighth Amendment); <u>Seltzer-Bey v. Delo</u>, 66 F.3d 961, 964 (8th Cir. 1995) (no constitutional violation where inmate fails to demonstrate that he suffered an injury or adverse health consequences as result of his confinement); <u>Rodgers v. Thomas</u>, 879 F.2d 380, 384-85 (8th Cir. 1989).

Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." <u>Smith v. Coughlin</u>, 748 F.2d 783, 787 (2d Cir.

1984) (quoting <u>Jackson v. Meachum</u>, 699 F.2d 578, 581 (1st Cir. 1983)).   Minimal

deprivations simply do not violate the Constitution, <u>Green v. Baron</u>, 879 F.2d 305, 309 (8th

Cir. 1989) (citing <u>Bell v. Wolfish</u>, 441 U.S. 520, 539 n.21 (1979)); and not every deprivation

is sufficiently serious to rise to the level of a constitutional violation, <u>Cosby v. Purkett</u>, 782

F. Supp. 1324, 1329 (E.D. Mo. 1992).   This is particularly true where the alleged

deprivation was brief.   <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 958 (8th Cir. 1994).

Moreover, limitations placed on inmates do not violate the Eighth Amendment unless the

conditions of confinement are "totally without penological justification," "grossly

disproportionate," or "involve the unnecessary and wanton infliction of pain." <u>Smith</u>, 748

F.2d at 787 (citing <u>Rhodes</u>, 452 U.S. at 346) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 183

(1976)).   "Conditions of confinement, however, constitute cruel and unusual punishment

'only when they have a mutually enforcing effect that produces the deprivation of a single,

identifiable human need such as food, warmth, or exercise.'" <u>Whitnack</u>, 16 F.3d at 957

(citing <u>Wilson</u>, 501 U.S. at 304).   "Nothing so amorphous as 'overall conditions' can rise

to the level of cruel and unusual punishment when no specific deprivation of a single

human need exists." <u>Id</u>. (citing <u>Wilson</u>, 501 U.S. at 305).   Moreover, "[t]he Constitution

does not mandate comfortable prisons," it simply prohibits "inhumane ones." <u>Farmer</u>, 511

U.S. at 832 (citing <u>Rhodes</u>, 425 U.S. at 349).

Plaintiff has alleged between November 14 and 17, 2007, that he was forced to

sleep on the floor due to overcrowding and he was not given the opportunity to exercise.

Plaintiff has also alleged that the cell windows were each covered by a magnetized blind

so he could not see out and there were no observation cameras in the cells for officers to

see in.   These conditions caused him mental stress and fear of potential adverse

consequences to his health and safety.  Plaintiff contends that each named Defendant possessed knowledge of his claims by virtue of being familiar with the detention facility's policies.  Despite his opportunity to amend his complaint specifically to connect Defendants to his claims (i.e., to identify how each named Defendant personally participated in or had knowledge of the facts of his complaint and how each named Defendant violated his constitutional rights), Plaintiff has failed to come forth with any allegation demonstrating any improper motive on the part of any named Defendant or any connection of a named Defendant to a single claim alleged.  Moreover, both Plaintiff's original and amended complaints specifically allege that he was subjected to these conditions for a period of four days, a minimal and brief deprivation, and any infliction of psychological or physical pain was clearly de minimis.  Under these circumstances, Plaintiff has failed to state a claim.

## C.    Equal Protection

Plaintiff has also claimed that on or about November 17, 2007, he noticed that there were only African American inmates housed in his particular cell, and on November 19, 2007, that Defendant Smith made deliberate discriminatory statements to him.  Plaintiff's allegation of non-specific discriminatory statements, without more, fails to state an equal protection claim.

Prisoners are protected under the Fourteenth Amendment from invidious discrimination based on race.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  The Equal Protection Clause generally requires the government to treat similarly situated people alike.  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).  "Dissimilar treatment of dissimilarly situated persons" does not violate the Equal Protection Clause.  Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994) (gender discrimination).  The first

step in evaluating an equal protection claim is determining whether Plaintiff has demonstrated that he was treated differently than others who were similarly situated to him, simply because he is black.  Arnold v. City of Columbia, Missouri, 197 F.3d 1217, 1220 (8th Cir. 1999) (city employee pay classification scheme); Keevan v. Smith, 100 F.3d 644, 647-48 (8th Cir. 1996) (gender discrimination); Klinger, 31 F.3d at 731.  This is a threshold question.  Id.  Next, Plaintiff bears the burden of proving, by direct or circumstantial evidence, that discriminatory intent was the motivating factor for the differentiation in treatment.  See Vill. of Arlington Heights v. Metropo. Hous. Dev. Corp., 429 U.S. 252, 265 (1977) ("proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause"); Washington v. Davis, 426 U.S. 229, 240 (1976).  Once Plaintiff establishes a prima facie case of racial discrimination, the burden shifts to Defendant to prove his actions were not motivated by race.  Washington, 426 U.S. at 241.

When analyzed, Plaintiff's claim fails at the first step.  As observed in Klinger, "Absent a threshold showing that [plaintiff] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." Klinger, 31 F.3d at 731.  As previously stated, in support of his equal protection allegations Plaintiff offers only two statements, without more, that on or about November 17, 2007, he noticed that there were only African American inmates housed in his particular cell, and on November 19, 2007, Defendant Smith made deliberate discriminatory statements to him. Plaintiff's broad and conclusory allegations plainly do not demonstrate that he was treated differently than any other inmate based on his race.  Furthermore, the Eighth Circuit has held that a government official's use of racially derogatory language (even when used in the course of carrying out his prescribed duties) that is not pervasive or severe enough to

9

amount to racial harassment, does not by itself violate the Fourteenth amendment. <u>See</u> <u>Blades v. Schuetzle</u>, 302 F.3d 801, 805 (8th Cir. 2002) (citing <u>DeWalt v. Carter</u>, 224 F.3d 607, 612 (7th Cir. 2000); <u>Williams v. Bramer</u>, 180 F.3d 699, 705-06 (5th Cir. 1999); cf. <u>Simmons v. O'Brien</u>, 77 F.3d 1093, 1094 n. 2 (8th Cir. 1996); <u>Burton v. Livingston</u>, 791 F.2d 97, 101 n. 1. (8th Cir. 1986); <u>Black Spotted Horse v. Else</u>, 767 F.2d 516, 517 (8th Cir. 1985)). Plaintiff's conclusory allegations, standing alone and despite the opportunity to amend for specificity, are simply insufficient to state an equal protection claim.

## V.  Conclusion

In accordance with the above, IT IS THEREFORE RECOMMENDED that:

1.      Plaintiff's case should be DISMISSED in its entirety WITHOUT PREJUDICE.

2.      All pending motions should be DENIED AS MOOT.

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

4.      This dismissal should count as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 19th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.